# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:23-CV-00239-GCM

| | |
|---|---|
| **CRAIG CUNNINGHAM, PRO SE,** | |
| **Plaintiffs,** | |
| v. | **ORDER** |
| **HEADSTART WARRANTY GROUP, LLC; VEHICLE SERVICE DEPARTMENT; SING FOR SERVICE, LLC, DBA MEPCO; MICHAEL STAFFORD, AUTO KNIGHT MOTOR CLUB, INC.; MIDWEST CASUALTY INSURANCE COMPANY; JCHW, INC.; JAMES BLAKEY; TIMOTHY SCHUUR; AND JOHN/JANE DOES 1-5,** | |
| **Defendants.** | |

This matter is before the Court on Defendant Auto Knight Motor Club, Inc.'s Motion to Dismiss the Complaint (Doc. No. 18.) Upon careful consideration of the arguments submitted by the parties, Defendant's Motions to Dismiss is **GRANTED.**

## I.  BACKGROUND AND PROCEDURAL HISTORY

On April 26, 2023, Plaintiff Craig Cunningham filed a complaint under the Telephone Consumer Protection Act ("TCPA"), as applied by 47 C.F.R. § 64.1200(d), and its North Carolina counterpart, the North Carolina Telephone Solicitations Act ("NCTSA"). (Doc. No. 1). *See* 47 U.S.C. § 227(b); 47 C.F.R. §64.1220(d); N.C. GEN. STAT. §75-102. Plaintiff's Complaint alleges he is a resident of North Carolina and uses his cellular phone for "personal, family, and household use." (Doc. No. 1 at ¶¶ 1, 43.) Plaintiff alleges Defendant Auto Knight Motor Club, Inc. ("Auto

Knight") is a Florida corporation. (*Id.* at ¶ 2.) Plaintiff further alleges he "received multiple calls on behalf of the multiple related defendant entities selling the extended car warranty services of Matrix Financial Services, LLC and resulted in a policy being sold . . . ." (*Id.* at ¶ 38.) The calls were allegedly initiated using an automatic telephone dialing system "on behalf of each Defendants in this case." (*Id.* at ¶ 41.) His three claims allege violations of the TCPA, 47 C.F.R. § 64.1200(d), and the NCTSA from these phone calls, which Plaintiff estimated happened at least 25 times in the past four years. (*Id*. at ¶ 42.)

Auto Knight has filed a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and failure to state a claim. (Doc. No. 18.) Specifically, Auto Knight contends that it is a California corporation headquartered in Florida and not subject to either general or specific jurisdiction in North Carolina. (*Id.* at 2.)

**II.     DISCUSSION**

**A.  Standard of Review**

When a court rules on a 12(b)(2) motion relying on the Complaint, briefs, and affidavits alone, without conducting an evidentiary hearing, the burden is on the plaintiff to make a *prima facie* showing that personal jurisdiction exists. *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993).  All relevant pleading allegations must be construed in the light most favorable to the Plaintiff.  *Id.* To meet their burden of establishing personal jurisdiction, a plaintiff must satisfy a two-step inquiry.  First, the plaintiff must show that the North Carolina long-arm statute confers personal jurisdiction. Second, they must show that the exercise of personal jurisdiction over a defendant would not violate the requirements of the Due Process Clause of the Fourteenth Amendment. *See Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). The North Carolina Supreme Court has liberally construed the North

Carolina long-arm statute to extend to the full jurisdictional powers permissible under federal Due Process. *Vishay Intertechnology, Inc. v. Delta International Corp.*, 696 F.2d 1062, 1065 (4th Cir. 1982).

Thus, to satisfy the constitutional due process requirement, a defendant must have sufficient "minimum contacts" with the forum state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quotation and citation omitted). Minimum contacts over a defendant may be established by showing either general or specific jurisdiction. *Helicopteros Nationales de Colombia v. Hall*, 466 U.S. 408, 414.

If the cause of action is unrelated to the defendant's activities in the forum state, the plaintiff must prove that the contacts are "continuous and systematic" to support the exercise of "general jurisdiction" over the defendant. *Id.* at 415-16; *see also Daimler AG v. Bauman*, 571 U.S. 117, 132-133 (2014). If the cause of action is related to or arises out of a defendant's actions within the state, the plaintiff can establish more limited "specific jurisdiction." In determining whether specific jurisdiction applies, the Fourth Circuit considers: (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003).

**B. Analysis**

Auto Knight argues that it is not subject to general jurisdiction or specific jurisdiction in North Carolina and asserting personal jurisdiction over Auto Knight would not comport with the principles of fair play and substantial justice. (*See* Doc. 18-1.) Plaintiff merely alleges that this

"Court has personal jurisdiction over the defendants because they have repeatedly placed calls to North Carolina residents to North Carolina numbers, and derive revenue from North Carolina residents [*sic*], and they sell goods and services to North Carolina residents . . . ." (Doc. 1 at ¶ 3.) The Court finds that these allegations are not sufficient to establish personal jurisdiction over Auto Knight and Plaintiff's claims against Auto Knight should be dismissed pursuant to Rule 12(b)(2).

First, Auto Knight is not subject to general jurisdiction in North Carolina. A corporate defendant is subject to general jurisdiction where it is incorporated or headquartered. *See Daimler AG*, 571 U.S. at 137. Auto Knight is incorporated in California and headquartered in Jacksonville, Florida. (Doc. 19 at ¶ 2.) Auto Knight does not have an office or employees in North Carolina and does not maintain a mailing address or telephone number in this state. (*Id.* at ¶ 3.) There is no factual basis to support an allegation that Auto Knight's contacts with North Carolina are so "continuous and systematic" as to subject Auto Knight to general jurisdiction here.

Second, Auto Knight is not subject to specific jurisdiction in North Carolina. There is no evidence that Plaintiff's claims against Auto Knight arise from contact between Auto Knight and North Carolina. Plaintiff does not allege or provide any facts to show that he was in North Carolina when he received the calls or that Auto Knight originated the calls from North Carolina. Auto Knight argues that they did not play a role in the marketing of the service contracts sold to Plaintiff and that they have no connection to the telemarketing calls allegedly received by Plaintiff. They further argue that Auto Knight does not initiate outbound sales calls to consumers in North Carolina or any other state, and that they do not control, direct, or manage the marketing practices of any party that may have initiated outbound calls, including calls using an automated telephone dialing system, to Plaintiff or to any other North Carolina residents. (*See* Doc. No. 19 at ¶¶ 4-6.)

Plaintiff's vague allegations that Auto Knight conducts business in North Carolina and derives revenue from its residents is not sufficient to establish specific jurisdiction.

### III.  CONCLUSION

Since Auto Knight did not conduct any marketing activity in or directed to North Carolina, and therefore does not have "minimum contacts" with North Carolina, the Court finds that requiring Auto Knight to defend itself in North Carolina would offend traditional notions of fair play and substantial justice. Plaintiff has failed to meet its burden of establishing personal jurisdiction as to Defendant Auto Knight. For the foregoing reasons, the Court finds that this matter must be dismissed as to Defendant Auto Knight.

### ORDER

**IT IS THEREFORE ORDERED** that Defendant Auto Knight Motor Club, Inc.'s Motion to Dismiss the Complaint for lack of personal jurisdiction (Doc. No. 18) is hereby **GRANTED.**

Signed: March 4, 2024

Graham C. Mullen
United States District Judge