IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | § |
| | § No. 3:24-cv-545-X-BN |
| | § |
| HEADSTART WARRANTY GROUP, | § |
| LLC, VEHICLE SERVICE | § |
| DEPARTMENT, SING FOR SERVICE, | § |
| LLC dba MEPCO, MICHAEL | § |
| STAFFORD, AUTO KNIGHT MOTOR | § |
| CLUB, INC., MIDWEST CASUALTY | § |
| INSURANCE COMPANY, JCHW, INC., | § |
| JAMES BLAKEY, TIMOTHY SCHUUR | § |
| and JOHN/JANE DOES 1-5,, | § |
| | § |
| Defendants. | § |

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

Virginia Bell Flynn, James D. Horne, Jr. and the law firm of Troutman Pepper Hamilton Sanders LLP have filed a Motion to Withdraw as Counsel for Defendants Headstart Warranty Group, LLC, JCHW, Inc., James Blakey, and Timothy Schuur (the "Moving Defendants"). *See* Dkt. Nos. 47 & 48.

Mr. Horne and Mrs. Flynn explain that they "have been serving as counsel for Defendants in this case since June 1, 2023"; that they "wish to withdraw from representing [the] Moving Defendants in this matter"; that the "Moving Defendants are aware and have consented to the withdrawal of Mr. Horne and Mrs. Flynn as

counsel of record"; and that "[t]he withdrawal of counsel will create no delay in this case." Dkt. No. 47 at 1-2; Dkt. No. 48 at 1-2.

Mr. Horne and Mrs. Flynn did not include the required Certificate of Conference or otherwise report on whether they conferred with Plaintiff Craig Cunningham or whether he opposes the relief requested. *See* N.D. TEX. L. CIV. R. 7.1(b), (h). But that is not the only reason the current motion must be denied.

"Attorneys normally are expected to work through the completion of a case." *F.T.C. v. Intellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993). And so an attorney of record may not withdraw as counsel of record until certain requirements are satisfied. The question of whether these requirements have been met such that withdrawal is warranted is "entrusted to the sound discretion of the [trial] court." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (cleaned up).

The first withdrawal requirement is that attorneys may only withdraw "upon leave of the court and a showing of good cause and reasonable notice to the client." *Id.*; *accord* N.D. TEX. L. CIV. R. 83.12(a) (requiring that "an attorney desiring to withdraw in any case must file a motion to withdraw"). The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *See Intellipay*, 828 F. Supp. at 34 ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient.").

"A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the particular case." *Edwards v. Oliver*, No. 3:17-cv-1208-M-BT, 2022 WL 4820147, at *1 (N.D. Tex. Sept. 30, 2022). "Whether

good cause exists for an attorney to withdraw is a question of federal law." *Id.* at *2 (cleaned up). That question may be answered "by referring to the standards for withdrawal articulated in national ethics canons and in the ethics rules adopted by the court." *Id.* (cleaned up). And, at least through Local Civil Rule 83.8(e), the United States District Court for the Northern District of Texas "has adopted the Texas Disciplinary Rules of Professional Conduct." *Id.*

"If a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw. This is especially true where … an attorney seeks to withdraw over his client's objection." *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (cleaned up).

Mr. Horne and Mrs. Flynn provide no explanation for why they seek to withdraw or how there is good cause for their withdrawal.

And, even if "good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Denton v. Suter*, No. 3:11-cv-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). To address this additional requirement, courts typically consider a number of other factors when determining whether to allow an attorney to withdraw. *See id.*; *White*, 2010 WL 2473833, at *2-*3. Chief among these factors are "undue delay in the proceedings, prejudice to the client, and the interests of justice." *Dorsey v. Portfolio Equities, Inc.*, No. 3:04-cv-472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008);

*see also White*, 2010 WL 2473833, at \*3 (explaining that these factors include: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take and the financial burden it would impose on the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice").

And a withdrawing attorney in this district must also comply with Northern District of Texas Local Civil Rule 83.12. *See Denton*, 2013 WL 5477155, at \*1. Where, as here, "the identity of the succeeding attorney is not known," Local Civil Rule 83.12 mandates that "the withdrawing attorney must file a motion that: (1) specifies the reasons requiring withdrawal; (2) sets forth the client's name, address, and telephone number; and (3) 'either bear[s] the client's signature approving withdrawal or state[s] specifically why, after due diligence, the attorney was unable to obtain the client's signature.'" *Id.* (quoting N.D. TEX. L. CIV. R. 83.12(a) (brackets in original)).

The current motion neither bears the Moving Defendants' signatures nor states why, after due diligence, counsel was unable to obtain their signatures. And the motion does not provide the clients' addresses and telephone numbers.

Finally, the request to withdraw as attorneys of record, without substitute counsel, for Defendants Headstart Warranty Group, LLC and JCHW, Inc. has other implications for this case's progress going forward.

As individuals, Defendants James Blakey and Timothy Schuur may be permitted to proceed pro se in this action and to do so going forward unless and until new counsel of record makes an appearance on their behalf. *See* 28 U.S.C. § 1654.

But, insofar as Defendants Headstart Warranty Group, LLC and JCHW, Inc. are each neither an individual nor a sole proprietorship, these defendants are not permitted to proceed pro se or through a non-attorney but rather must be represented by an attorney in litigation in federal court. *See M3Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3:09-cv-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010). "The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)). And this applies to limited liability companies.

And, so, if Mr. Horne and Mrs. Flynn and their law firm are given leave to withdraw, Defendants Headstart Warranty Group, LLC and JCHW, Inc. will be required to cause new counsel to enter an appearance on their behalf in this case.

And they must be warned that a failure to hire counsel to represent them may result in appropriate measures, including possibly striking their defenses and entering a default judgment against them, *see Moore v. Chiro One Wellness Ctr. of Arlington PLLC*, No. 3:13-cv-2950-N, 2014 WL 6901201 (N.D. Tex. Dec. 8, 2014); *Adonai Communications, Ltd. v. Awstin Invs., L.L.C.*, No. 3:10-cv-2642-L, 2012 WL 899271, at *1-*2 (N.D. Tex. Mar. 16, 2012); *Top Sales, Inc. v. Designer Vans, Inc.*, No.

3:96-cv-721-D, 1997 WL 786254, at *1-*2 (N.D. Tex. Dec. 11, 1997), although, ultimately, "the appropriate measure for a judge to take when confronted with an unrepresented corporation [or limited liability company] is inherently discretionary," *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004).

For all of these reasons, the Court DENIES the Motion to Withdraw as Counsel for Defendants Headstart Warranty Group, LLC, JCHW, Inc., James Blakey, and Timothy Schuur to Withdraw as Counsel [Dkt. Nos. 47 & 48] without prejudice.

SO ORDERED.

DATED: April 25, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE